Good morning, Your Honors. My name is Carol Dvork and I represent the Petitioner. Obstruction of justice for which the term of imprisonment is at least one year is an aggravated felony under the Immigration and Nationality Act. The Petitioner was convicted for jumping bail under 18 U.S.C. section 3146A and she was sentenced to serve a year and a day in prison. The sole issue before the Court is whether this crime is obstruction of justice and therefore an aggravated felony. There's no precedent directly on point. The immigration judge and the Board held that Petitioner's conviction for bail jumping does constitute obstruction of justice and Respondent relies on two cases in support of the Board's decision. This Court's decision in U.S. v. Draper and the Board's decision in Espinosa-Gonzalez. But I believe that this case at bar may be distinguished from both those decisions on both the facts and the law. Draper is a sentence enhancement case. The issue there is whether the Court had properly adjusted upward the sentence because Draper had violated conditions of his release for failing to report to enter a corrections center following his guilty plea and prior to sentencing. And also Draper was not convicted under section 3146 of bail jumping. Because the sentencing guidelines contains an enhancing provision, you get extra points for obstruction of justice. That's correct, indeed, Your Honor, you're right. Although that is, I guess, part of the statute, is it not, that created the sentencing commission? Yes. I believe that the Board, although I don't have the site with me, has held that determination of an aggravated felony for sentencing enhancement purposes is not necessarily the same as determining what is an aggravated felony for purposes of under the Act. I have not seen any cases on this, but maybe you can give me one that tells us whether there's a substantive difference between the crime of obstruction of justice under Title 18 and the enhancement for obstruction of justice under the sentencing guidelines. Is there a difference? By substantive, you mean regarding the conduct? Does obstruction of justice mean the same thing under the guidelines as it does under the Title 18? What I can say about that is to compare the offenses which are classified under Chapter 73 of Title 18 as obstruction of justice offenses. And a conviction under Section 3146 is not under that set of obstruction of justice offenses under Chapter 73. Those offenses include assault on process server, for example, influencing a juror, tampering with or retaliating against a witness or victim. And similarly, the U.S. sentencing guidelines, which are found in the application notes to the sentencing guidelines under USCJ Section 3C1.1, Note 4, also give examples of types of conduct that are considered obstruction of justice for purposes of a sentence enhancement. And those include, again, threatening witnesses, suborning perjury, producing false documents, destroying evidence. It's basically the same thing that the specific provisions of Title 18 make substantively correct. They are similar kinds of offenses, I would agree. However, Section 3146 is outside both of those. And in Draper, as I said, the defendant was not convicted of Section 3146. Is that a matter to which we have to give Chevron deference to the board when it issued its decision in Espinoza-Gonzalez as to what constitutes obstruction of justice under the immigration statutes? Is it sufficient to constitute an aggravated felony? If Espinoza had stated that bail jumping under Section – a conviction for bail jumping under Section 3146A constituted obstruction of justice, then, yeah, Chevron deference would be appropriate. But Espinoza dealt with misprision of a felony. And what Espinoza does is set out a description of an analysis. And what I'm really asking is that isn't this determination which the immigration judge made in this case, that this offense does constitute an obstruction of justice, isn't that a determination in interpreting the meaning of obstruction of justice under the immigration laws, something to which this Court must give Chevron deference? With all due respect, Your Honor, that would be saying that any time an immigration judge makes a determination about what's an aggravated felony, that that cannot be appealed? No. It doesn't deprive us of jurisdiction to hear the appeal. The question is whether or not Chevron would countenance that we give deference to the determination of the administrative agency as to whether or not this is an act of obstruction of justice to be considered as an aggravated felony under the immigration law. I don't believe so, Your Honor, because, again, I believe that that would take away the possibility of or severely limit, if not take away jurisdictionally, severely limit the possibility to argue that the immigration judge made a determination in error. There's no precedent decision on this issue. We have Aguirre-Aguirre, the Supreme Court case, which indicates that we defer to the BIA's interpretation of the immigration statutes. Why isn't that applicable here? The immigration statute, in fact, does not state anywhere that bail jumping is an obstruction of justice offense. Espinosa says that the critical element, it reviews the 18 U.S.C. 1500 series, the critical element is affirmative and intentional attempt motivated by specific intent to interfere with the process of justice, and then the BIA determined that bail jumping met those criteria. Why isn't that correct? We defer to Espinosa's analysis of what the critical element is of 1101A43S. And it says bail jumping is applicable. The BIA in this case says bail jumping fits within that criteria. Yes, the board did say that. However, I believe that the board does not properly interpret Espinosa as related to the crime of bail jumping. Why is that? I don't agree that the simple fact that the Respondent's Act was intentional, yes, the Petitioner's Act was intentional. She did knowingly, she was convicted of knowingly fail to appear. That's an affirmative act. However, it's simply a different order of magnitude from the other kinds of offenses considered obstruction of justice, such as assault on a process server, influencing a juror, threatening or retaliating against a witness, concealing evidence. Basically what Petitioner did was ---- But just if I may interrupt you for a moment. You're saying it meets the criteria, but it's not as problematic or it's not, there's not as much culpability because of the nature of the act.  That's part of it, Your Honor. And I also would credit the BIA's decision in Manner of Joseph, which was decided around the same time, the same year as Espinosa, where the board stated, we find it substantially unlikely that the offense of simply obstructing or hindering one's own arrest would be viewed as obstruction of justice. Now, granted, that's hindering arrest or obstructing arrest. That could also be, in terms of ordinary language, considered perhaps obstructing justice. But I think that in this case, Petitioner's misconduct was much more akin to hindering her own arrest. What she did was flee prosecution, in fact, and I think that's much more analogous to hindering one's own arrest, rather than the other kinds of offenses that are listed under the federal obstruction of justice section. Thank you, Counsel. Good morning, Your Honors. I'm David Shore for the Attorney General. This is a matter involving a criminal alien who's removable from the United States due to drug trafficking activity. She was denied cancellation of removal because she failed to establish her eligibility in that the agency determined that her bail jumping offense is an aggravated felony. And the issue before this case is whether a knowing and willful failure to appear as required by the conditions of release relates to obstruction of justice under 101A43S of the INA. The board has already set forth a analytical framework for determining when an offense relates to obstruction of justice, and it's stated that when an offense contains the critical element, that is, an affirmative attempt motivated by the specific intent to interfere with the proceedings of a tribunal, an offense relates to obstruction of justice. A criminal defendant who's the central figure in a prosecution who fails to appear undoubtedly impedes the proceedings of the tribunal. Now, let's take the example of when, let's say someone's in a car accident and doesn't appear. Now, they're knowingly not appearing. They're perhaps willfully, but they certainly aren't impeding, trying to impede the progress of the proceeding, are they? They have an affirmative defense, perhaps, but under the statute, I think they're still chargeable, aren't they? They don't appear. Judge doesn't know why. Chargeable, right? Yes, Your Honor. However, it still impedes that the proceedings cannot occur with the intended constitutional safeguards in the same manner that they would have occurred had the defendant appeared. No, no. I mean, I'm talking about what Espinoza seems to say, if we credit it, is that you have to have a specific intent to impede the administration of justice, right? So I grant you that if someone is willfully, intentionally fleeing, not appearing, that's one thing. But there are a whole host of other reasons, and we see them in the immigration cases all the time, where people don't make their hearings. Accident health, whatever. They're still chargeable if they knowingly don't appear. I mean, the argument would be, and I've heard the cases, they didn't call. They didn't do this. But it's not with a specific intent, perhaps, to impede the administration of justice. Would you agree? Under that hypothetical. Not this case, but hypothetical. No, because failing to appear when you're the subject of a criminal case necessarily will impede the trial in some respect. And then doing this willfully and knowingly constitutes and You view this almost as a strict liability crime. No. You don't appear? That's it. Well, failing to appear obstructs justice, yes. But the INA, or the board, rather, requires that it be motivated by the specific intent. So doing it knowingly satisfies that requirement. Yeah. So in other words, if you're prevented from that, you knowingly aren't appearing, but you're prevented from some other reason from appearing, that would still be a crime, right? Knowingly and willfully failing to appear. Those are the elements of the statute, as this court has interpreted it. So if we take Judge Thomas's hypothetical, if you're in a hospital as a result of the accident and you are unable physically to appear, are you liable for liability of the crime of bail jumping in that case because you didn't get back to court on time? I don't know what the board would say in that circumstance, Your Honor, but certainly it has to be a knowing and willful failure. And I don't know that it necessarily would be in that matter. It might be a defense to the willfulness element, that he couldn't physically get there or notify the court that he was lying in a hospital. It could be, Your Honor. Well, let's just say the person's late. Well, that... You got caught in traffic. You're trying to get there, but you didn't. Those aren't the facts here, Your Honor, of course. No, no. But it goes to the question of whether or not this is categorically a crime because what Espinoza seems to say, that you have to prove specific intent to impede the progress. It's not just enough you don't show up. You've got to show specific intent. And so, therefore, it would seem to me that there's an argument to be made that this is not categorically a crime because in each particular case, you've got to show a specific intent to impede for it to be considered within this category of offenses. That's what Espinoza says. It emphasizes you're trying to impede the progress. The statute seems to allow a conviction when you don't have the specific intent to impede the administration of justice, just when you willfully or knowingly don't appear. But failing to appear, Your Honor, per se impedes. That's where you're arguing it's a strict liability crime, and I'm giving you circumstances, and you're saying, well, I don't know what the board would do in that case. And when you say, I don't know what the board would do in that case, it tells me, or at least it communicates to me, it doesn't fit the categorical approach. Go ahead. I'm done musing. Go ahead. I guess if somebody was in a coma and couldn't show up, then I assume that they wouldn't meet the criteria knowingly or willfully. So it couldn't be strict liability to that extent. Well, no, no. I'm not – correct, Your Honor. I'm not stating that – So what happened to per se between my question and Medicode is – He's not better of an answer. I'm not saying that it's a per se violation of the bail-jumping statute to simply not appear. But simply not appearing per se impedes the proceedings of the tribunal. But then when you add the knowingly and willfully elements to that, then it becomes the specific intent to impede the proceedings of a tribunal. But it doesn't say that in the statute. It says knowingly failing to appear, not to impede. I mean, you're trying to – fleeing, you're trying to impede what's going on. I think you could find a conviction, for example, if someone is just late, they get it wrong. I mean, I could see a conviction being – a judge not forgiving that, let me put it that way. A judge convicting someone of this statute because they said you knew what the time was, you didn't allow enough or you got the time wrong, you knowingly didn't appear, you willfully didn't appear. But it's – whether that's the specific intent to impede the progress, I don't know. I mean, that's just a question for me. Well, that it was done intentionally with volitional – on her own volition of failure to appear. That's why it is a specific – that's why this satisfies the specific intent requirement that the board has set forth. In addition, I'd also like to call this court's attention to a Fifth Circuit case, Aljuan v. Ashcroft, in which the Fifth Circuit held that an individual committed an offense relating to obstruction of justice when he was required to appear as a witness, and then he was convicted under – he was convicted for disobeying a court order. And I don't have the exact statutory provision in front of me, but 18 U.S.C. 401, Section 3, which punishes disobedience to a court order or command. Yes, Your Honor. And as the court noted there, his motive in – he claimed that he was afraid. He was afraid of retaliation if he testified. But his motive for not appearing is irrelevant to whether or not he had the specific intent to impede the tribunal, that is, to not – to purposefully, knowingly fail to appear as he was required to do. And, you know, this court has additionally determined that a knowing failure to appear as required by the conditions of release is obstructive of justice. In the United States v. Draper. But Espinoza says this. Let me quote you Espinoza. That's the board's decision, not ours. It says – it talks about the code, and it says that Congress showed – or obstruct justice, but instead chose a term of art utilized in the United States code. It goes on. Talking about this felony lacks the critical element of an affirmative and intentional attempt motivated by specific intent to interfere with the process of justice. Now, that's different from just not appearing, which you say is close to a per se violation. Well, it's not close to a per se violation. I'm giving you close because you said per se, but then Judge Acuda talked you out of it. Failing to appear, Your Honor, per se impedes justice, but it's not a per se obstruction of justice. The offense is defined – or as the board defined defense in Espinoza-Gonzalez. Rather, the specific intent comes in when the failure to appear is knowing and willful, as it necessarily was in this case. Well, no, here's what – what this seems to say, it's – it almost says it has to be a specific intent crime. And as I read 3146, it's a general intent crime. You'd agree it's a general intent crime. 3146? Yeah. Well, it has a knowingly and willfully – Right. That's a general intent, right? I'm not certain, Your Honor. You're not a criminal lawyer either? No. I need some criminal lawyers. Before you sit down, can you explain to me why didn't the service or the immigration judge rely upon that provision that says if an immigration officer has reason to believe that the alien was involved in drug trafficking activities, that that's sufficient? To deny cancellation of removal? Yeah. I'm not certain, Your Honor. This is a case regarding cancellation of removal for a lawful permanent resident. I don't know. If that makes a difference. I don't – yeah, I'm not certain, Your Honor. I think his question is if you've got a bunch of drugs involved, why – well, hang on. I'll jump in. I mean, you know, how much more do you need? You don't know. All right. Thank you, Your Honors. Rebuttal. I guess the case to serve will be submitted, and we are in recess for the morning. All rise. Thank you. This court concessions. That is adjourned.
judges: Thomas, Tallman, Ikuta